MATTER OF ROBLES

In Deportation Proceedings

A-21256271

*Decided by Board August 9, 1976*

(1) Respondent sought to enter the United States at a Mexican border port of entry and surrendered his border crossing card to the immigration inspector who directed him to wait in the secondary inspection area. Respondent after a brief wait, fled the secondary area and entered the United States.

(2) Under 8 CFR 235.1(a) an alien must apply in person to an immigration officer at a designated port of entry at a time when the immigration office at the port is open for inspection. Under 8 CFR 235.1(d) he must present any required documents and establish his admissibility to the satisfaction of the immigration officer. The immigration officer must be afforded a full and fair opportunity to question the alien. See *Matter of F—*, 1 I. & N. Dec. 90, (BIA AG 1941).

(3) Where respondent briefly appeared before the immigration officer and did not establish his admissibility and thereafter fled from the secondary inspection area, he deprived the Service of a full opportunity to question him and in so doing, evaded the inspection contemplated by section 235 of the Immigration and Nationality Act. Entry into the United States after intentionally evading the inspection required by the immigration laws and regulations is an entry without inspection and ground for deportation under section 241(a)(2) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entry without inspection

ON BEHALF OF RESPONDENT: Pro se

The Immigration and Naturalizaton Service has appealed from the July 13, 1976 decision of the immigration judge terminating deportation proceedings against the respondent, a native and citizen of Mexico. The appeal will be sustained and the record will be remanded to the immigration judge.

The respondent has been charged with being deportable as an alien who entered the United States without inspection in violation of section 241(a)(2) of the Immigration and Nationality Act.

At the hearing before the immigration judge the respondent testified that on December 18, 1975 he sought entry to the United States from Mexico. Upon entering a United States inspection area located at the border with Mexico, the respondent handed his local border crossing

card to the immigration inspector. He further testified that the immigration inspector took the card from him and told him to wait in the secondary inspection lane. According to the respondent's testimony, he became frightened and did not wait as he was instructed, but instead fled, passing through the inspection area.

On the basis of the respondent's testimony, the immigration judge found that the respondent had presented himself for inspection and that "some sort of inspection did take place". He concluded that the charge of entry without inspection had not been sustained. We disagree.

Every alien seeking to enter the United States must present himself for inspection. The term "inspection " is not defined in the Act. The regulations, however, state that the alien must apply in person to an immigration officer at a designated port of entry at a time when the immigration office at the port is open for inspection. 8 CFR 235.1(a). He must present any required documents and establish his admissibility to the satisfaction of the immigration officer. 8 CFR 235.1(d). The inspecting officer must be afforded a full and fair opportunity to question the alien. See *Matter of F—*, 1 I. & N. Dec. 90, (BIA AG 1941).

Although the respondent briefly appeared before the immigration officer, his statements show that he did not establish his admissibility to the satisfaction of the immigration officer. Moreover, he deprived the Service of a full opportunity to question him. Accordingly, we conclude that the respondent evaded the inspection contemplated by the Act.

Evidence that the respondent, unrestrained, passed through the United States inspection area after intentionally evading inspection establishes an entry into the United States. *Matter of Pierre*, 14 I. & N. Dec. 467 (BIA 1973).

The deportability of the respondent under section 241(a)(2) has been proved by clear, convincing and unequivocal evidence. The appeal will be sustained. We shall remand the record to the immigration judge in order that he may give the respondent an opportunity to apply for any discretionary relief for which he may be eligible.

ORDER: The appeal is sustained; the record will be remanded to the immigration judge for further proceedings consistent with the above opinion.